IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARRETT KAIZ**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 839 |
| ) | |
| **AON CORPORATION**, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Codefendants Aon Corporation, Aon Service Corporation and Aon Consulting, Inc. (collectively "Aon," treated as a singular noun for convenience) have filed a motion (the "Motion," Dkt. No. 28) to dismiss Count III of the Second Amended Complaint ("SAC") filed against them, together with Aon plc and Aon Group, Inc. ("Aon Affiliates") and the Aon Severance Plan, by plaintiff Barrett Kaiz ("Kaiz").[1] With Kaiz now having filed his Response (Dkt. No. 31) and Aon having filed its Reply (Dkt. No. 33), the Motion is ripe for decision.

Aon is of course correct in criticizing Kaiz's counsel for having invoked the overly generous 60-year-old standard for evaluating complaints announced in Conley v. Gibson, 355 U.S. 41, 45 (1957), a standard that was overruled 10 years ago in what this Court regularly refers to as the "Twombly-Iqbal canon." But Aon plainly misapplies that newer test, with its introduction of the concept of "plausibility," under the circumstances here. By definition

---

[1] Because all of the defendants share "Aon" as part of their respective names, any use of a collective shorthand expression for any subgroup among those defendants necessarily creates some potential for confusion. This opinion has of course sought to be uniformly consistent in employing the collective shorthand terms defined in this paragraph of the text.

communications between or among the defendants, all of which share the "Aon" name tag, is known only to the defendants and <u>not</u> to Kaiz, so that Aon's effort to block Kaiz from access to the <u>facts</u> on that score -- and thus to insulate itself from potential liability because Kaiz lacks a crystal ball or a ouija board or some other magical means of divining those facts -- creates a litigative Catch 22 situation.

It is surely "plausible" to infer an intercorporate exchange of information among the interrelated Aon entities that could thus create liability on the intentional-interference-with-contract ground that underpins SAC Count III. That then satisfies the <u>Twombly</u>-<u>Iqbal</u> test. And relatedly Kaiz is entitled to search out the facts as to such exchange of information -- or perhaps the absence of such exchange.

Accordingly Aon's Dkt. No. 28 Motion is denied, and it is ordered to answer SAC Count III on or before [14 days]. In the interim and thereafter, Kaiz may proceed with discovery applicable to SAC Count III. If future developments were to establish that Kaiz has struck out on that contention, Aon may renew its Motion -- or perhaps more likely, may seek dismissal of Count III on a motion for partial summary judgment under Fed. R. Civ. P. 56.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 26, 2017